**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RevenueWire, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:15-cv-2505 |
| vs. | ) | |
| | ) | |
| Future Payment Technologies, L.P., | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT

Plaintiff, RevenueWire, Inc., by and through its attorneys, allege against defendant, Future Payment Technologies, L.P. as follows:

## NATURE OF THE ACTION

1.   This action seeks preliminary and permanent injunctive relief and damages pursuant to the Lanham Act, (15 U.S.C. § 1114 and 15 U.S.C. §1125 *et. seq.*); the Illinois Deceptive Trade Practices Act (815 ILCS 510/1 *et. seq.*); the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1, *et. seq.*); and for trademark infringement and unfair competition pursuant to Illinois common law. This action also seeks a declaratory judgment pursuant to the Declaratory Judgment Act (28 U.S.C. § 2201).

## JURISDICTION AND VENUE

2.   This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et. seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.    Plaintiff is informed, believes, and thereon alleges that defendant has sufficient contact with this district generally and, in particular, with the events here alleged, including, but not limited to its business activities involving the advertising and sale of its goods and/or services over the Internet to the citizens of

Illinois, so as to subject it to both personal jurisdiction this court and to make this court a proper venue pursuant to 28 U.S.C. §1391.

## THE PARTIES

4. Plaintiff, RevenueWire, Inc., is a Corporation of Canada with its principal place of business at 102-3962 Borden Street, Victoria, BC V8P3H8, Canada.

5. Defendant, Future Payment Technologies is a limited partnership with its principal place of business at 12700 Park Central Drive, Suite 1100, Dallas, Texas 75251.

## FACTS COMMON TO ALL CLAIMS OF RELIEF

6. Plaintiff is the owner of the United States Trademark Registration No. 4434614 for the mark FUTUREPAY (FUTUREPAY mark) for use in connection with "credit service, namely, providing consumer credit and electronic payment services over various media including the telephone and the World Wide Web; providing revolving credit account services online based on an instant approval mode and a business to consumer model; providing credit services to businesses in a business to business model" in International Class 36.

7. Plaintiff's priority in its FUTUREPAY mark is December 8, 2011, stemming from its preceding Canadian registration (Reg. No. TMA879755) and has used the FUTUREPAY mark in the U.S. since at least as early as June of 2013 with regard to these services, and continues to use and promote the FUTUREPAY mark in connection with such services.

8. Plaintiff's registration for the FUTUREPAY mark is valid, subsisting, and in full force and effect, and constitutes evidence of validity of the FUTUREPAY mark and of plaintiff's exclusive right to use the mark in connection with the services identified in the registration.

9. Plaintiff has spent a considerable amount of money, time, and energy in connection with the promotion of its services promoted and rendered under the FUTUREPAY mark and as a result a significant amount of goodwill has attached to the mark.

10. By virtue of plaintiff's continuous, exclusive and widespread use of the mark FUTUREPAY, the mark is entitled to a broad scope of protection.

11. Notwithstanding plaintiff's rights in and to the FUTUREPAY mark, on February 26, 2013, defendant, on information and belief, filed an intent-to-use application for registration of the marks FUTURE PAYTECH and FUTURE PAYMENT TECHNOLOGIES in International Class 36 for "credit card processing services; credit, debit, check and gift card transaction processing services; online credit reporting for merchants, and transactional services, namely, electronic cash transactions, debit card transactions, and credit card transactions", and International Class 39 for "storage services for archiving electronic data, specifically electronic signature files of customers" assigned U.S. Serial Nos. 85/860106 and 85/860109 respectively. Said applications were published for opposition on February 25, 2014.

## COUNT I: TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

12. Plaintiff hereby realleges and reaffirms paragraphs 1 through 11 of this complaint, as if the same were herein set forth verbatim.

13. Plaintiff's FUTUREPAY mark is completely subsumed into the defendant's FUTURE PAYTECH mark.

14. Plaintiff's FUTUREPAY mark is completely subsumed into the defendant's FUTURE PAYMENT TECHNOLOGIES mark.

15. Upon information and belief, defendant knew of plaintiff's FUTUREPAY mark at the time or before it adopted its FUTURE PAYTECH mark.

16. Upon information and belief, defendant knew of plaintiff's FUTUREPAY mark at the time or before it adopted its FUTURE PAYMENT TECHNOLOGIES mark.

17. Upon information and belief, defendant has used and is continuing to use a mark that is confusingly similar to plaintiff's federally-registered FUTUREPAY mark in connection with the advertising, promotion, and/or sale of goods related to those of plaintiff, without the consent of plaintiff, and in a

manner which is likely to cause confusion, mistake or deception as to source, origin, affiliation, connection or association with defendant.

18. As such, defendant's unauthorized use of the FUTURE PAYTECH mark constitutes trademark infringement in violation of 15 U.S.C. § 1114.

19. As such, defendant's unauthorized use of the FUTURE PAYMENT TECHNOLOGIES mark constitutes trademark infringement in violation of 15 U.S.C. § 1114.

20. Defendant's actions have caused plaintiff to lose control over the reputation and goodwill associated with plaintiff's FUTUREPAY mark.

21. Defendant's actions have tarnished plaintiff's the reputation and goodwill associated with plaintiff's FUTUREPAY mark.

22. Upon information and belief, by its acts, defendant has made and will make substantial profits and gains to which it is not in law or equity entitled.

23. Upon information and belief, defendant intends to continue its willfully infringing acts unless restrained by this court.

24. Defendant's actions have caused irreparable injury to plaintiff's business, reputation and goodwill.

25. Unless defendant is enjoined from their wrongful conduct, plaintiff will continue to suffer irreparable injury and harm, for which plaintiff has no adequate remedy at law.

## COUNT II: UNFAIR COMPETITION (15 U.S.C § 1125(a))

26. Plaintiff hereby realleges and reaffirms paragraphs 1 through 25 of this complaint, as if the same were herein set forth verbatim.

27. As a result of longstanding and extensive use in commerce and wide recognition among the purchasing public, plaintiff's FUTUREPAY mark has become distinctive as an indication of the source of such branded goods and services.

28. Defendant has knowingly and willfully used the FUTURE PAYTECH mark that is confusingly similar to plaintiff's FUTUREPAY mark, and, upon information and belief, is taking affirmative steps to

increase that use dramatically in connection with services related to credit card and electronic payment processing.

29. Defendant has knowingly and willfully used the FUTURE PAYMENT TECHNOLOGIES mark that is confusingly similar to plaintiff's FUTUREPAY mark, and, upon information and belief, is taking affirmative steps to increase that use dramatically in connection with services related to credit card and electronic payment processing.

30. Defendant's use of the FUTURE PAYTECH mark in connection with the abovementioned services is likely to cause confusion or to cause a mistake or to deceive as to affiliation, connection or association.

31. Defendant's use of the FUTURE PAYMENT TECHNOLOGIES mark in connection with the abovementioned services is likely to cause confusion or to cause a mistake or to deceive as to affiliation, connection or association.

32. As such, unauthorized use of the FUTURE PAYTECH mark constitutes federal unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33. As such, unauthorized use of the FUTURE PAYMENT TECHNOLOGIES mark constitutes federal unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. Upon information and belief, by its acts, defendant has made and will make substantial profits and gains to which it is not in law or equity entitled.

35. Upon information and belief, defendant intends to continue its willfully infringing acts unless restrained by this court.

36. Defendant's actions have caused irreparable injury to plaintiff's business, reputation and goodwill.

37. Unless defendant is enjoined from their wrongful conduct, plaintiff will continue to suffer irreparable injury and harm, for which plaintiff has no adequate remedy at law.

## COUNT III: FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

38. Plaintiff hereby realleges and reaffirms paragraphs 1 through 37 of this complaint, as if the same were herein set forth verbatim.

39. Defendant's use of the FUTURE PAYTECH mark as well as association with the plaintiff's name and goodwill established over the years by plaintiff, is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, association, or affiliation of services in connection with the FUTURE PAYTECH mark, and is intended, and is likely to cause such parties to believe in error that the services in connection with the FUTURE PAYTECH mark have been authorized, sponsored, approved, endorsed or licensed by plaintiffs, or that defendant is in some way affiliated with plaintiff.

40. Defendant's use of the FUTURE PAYMENT TECHNOLOGIES mark as well as association with the plaintiff's name and goodwill established over the years by plaintiff, is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, association, or affiliation of services in connection with the FUTURE PAYMENT TECHNOLOGIES mark, and is intended, and is likely to cause such parties to believe in error that the services in connection with the FUTURE PAYMENT TECHNOLOGIES mark, have been authorized, sponsored, approved, endorsed or licensed by plaintiffs, or that defendant is in some way affiliated with plaintiff.

41. As such, defendant's acts constitute false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

42. Upon information and belief, by its acts, defendant has made and will make substantial profits and gains to which it is not in law or equity entitled.

43. Upon information and belief, defendant intends to continue its willfully infringing acts unless restrained by this court.

44. Defendant's actions have caused irreparable injury to plaintiff's business, reputation and goodwill.

45. Unless defendant is enjoined from their wrongful conduct, plaintiff will continue to suffer irreparable injury and harm, for which plaintiff has no adequate remedy at law.

## COUNT IV: TRADEMARK DILUTION BY TARNISHMENT (15 U.S.C. § 1125 (c))

46. Plaintiff hereby realleges and reaffirms paragraphs 1 through 45 of this complaint, as if the same were herein set forth verbatim.

47. Plaintiff is the exclusive owner of the FUTUREPAY mark in the United States.

48. Plaintiff's FUTUREPAY mark is a strong and distinctive mark that has been in use for a number of years and has achieved enormous and widespread public recognition.

49. The Plaintiff's FUTUREPAY mark is famous within the meaning of Section 43(c) of the Lanham Act.

50. Defendant's commercial use of the FUTURE PAYTECH is likely to dilute, actually dilutes, and will continue to dilute the famous and distinctive FUTUREPAY Marks by tarnishment.

51. Defendant's commercial use of the FUTURE PAYMENT TECHNOLOGIES mark is likely to dilute, actually dilutes, and will continue to dilute the famous and distinctive FUTUREPAY mark by tarnishment.

52. Defendant's aforementioned activities and use of the FUTURE PAYTECH mark is likely to cause dilution by tarnishment of the famous and distinctive FUTUREPAY mark because such use by persons or entities not affiliated with the plaintiff creates an association arising from the similarity between the defendant's marks and the famous FUTUREPAY mark which harms the reputation of the famous FUTUREPAY mark.

53. Defendant's aforementioned activities and use of the FUTURE PAYMENT TECHNOLOGIES mark is likely to cause dilution by tarnishment of the famous and distinctive FUTUREPAY mark because such use by persons or entities not affiliated with the plaintiff creates an association arising from the similarity between the defendant's marks and the famous FUTUREPAY mark which harms the reputation of the famous FUTUREPAY mark.

54. Upon information and belief, by its acts, defendant has made and will make substantial profits and gains to which it is not in law or equity entitled.

55. Upon information and belief, defendant intends to continue its willfully infringing acts unless restrained by this court.

56. Defendant's actions have caused irreparable injury to plaintiff's business, reputation and goodwill.

57. Unless defendant is enjoined from their wrongful conduct, plaintiff will continue to suffer irreparable injury and harm, for which plaintiff has no adequate remedy at law.

## COUNT V: TRADEMARK DILUTION BY BLURRING (15 U.S.C. § 1125 (c))

58. Plaintiff hereby realleges and reaffirms paragraphs 1 through 57 of this complaint, as if the same were herein set forth verbatim.

59. Plaintiff is the exclusive owner of the FUTUREPAY mark in the United States.

60. Plaintiff's FUTUREPAY mark is a strong and distinctive mark that has been in use for a number of years and has achieved enormous and widespread public recognition.

61. As described above, plaintiff's FUTUREPAY mark is famous within the meaning of Section 43(c) of the Lanham Act.

62. Defendant's commercial use of the FUTURE PAYTECH mark is likely to dilute, actually dilutes, and will continue to dilute the distinctive quality of the famous FUTUREPAY mark by blurring.

63. Defendant's commercial use of the FUTURE PAYMENT TECHNOLOGIES mark is likely to dilute, actually dilutes, and will continue to dilute the distinctive quality of the famous FUTUREPAY mark by blurring.

64. Defendant's aforementioned activities and use of the FUTURE PAYTECH mark is likely to cause dilution by blurring of the famous and distinctive FUTUREPAY mark because such use by persons or entities not affiliated with the plaintiff creates an association arising from the similarity between the defendant's marks and the famous FUTUREPAY mark that impairs the distinctiveness of the famous FUTUREPAY mark.

65. Defendant's aforementioned activities and use of the FUTURE PAYMENT TECHNOLOGIES mark is likely to cause dilution by blurring of the famous and distinctive FUTUREPAY mark because

such use by persons or entities not affiliated with the plaintiff creates an association arising from the similarity between the defendant's marks and the famous FUTUREPAY mark that impairs the distinctiveness of the famous FUTUREPAY mark.

66. Upon information and belief, by its acts, defendant has made and will make substantial profits and gains to which it is not in law or equity entitled.

67. Upon information and belief, defendant intends to continue its willfully infringing acts unless restrained by this court.

68. Defendant's actions have caused irreparable injury to plaintiff's business, reputation and goodwill.

69. Unless defendant is enjoined from their wrongful conduct, plaintiff will continue to suffer irreparable injury and harm, for which plaintiff has no adequate remedy at law.

## COUNT VI: ILLINOIS UNIFORM DECEPTIVE
## TRADE PRACTICES ACT (815 ILCS 510/1 *et. seq.*)

70. Plaintiff hereby realleges and reaffirms paragraphs 1 through 69 of this complaint, as if the same were herein set forth verbatim.

71. Defendants' conduct, as alleged above, causes and is likely to cause consumer confusion as to, and misrepresents, the origin, quality, characteristics, and source of its products and plaintiff's products.

72. As such, defendant's conduct constitutes deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et. seq.*

73. Upon information and belief, by its acts, defendant has made and will make substantial profits and gains to which it is not in law or equity entitled.

74. Upon information and belief, defendant intends to continue its willfully infringing acts unless restrained by this court.

75. Defendant's actions have caused irreparable injury to plaintiff's business, reputation and goodwill.

76. Unless defendant is enjoined from their wrongful conduct, plaintiff will continue to suffer irreparable injury and harm, for which plaintiff has no adequate remedy at law.

## COUNT VII: ILLINOIS CONSUMER FRAUD AND
## DECEPTIVE BUSINESS PRACTICES (815 ILCS 505/1 *et. seq.)*

77. Plaintiff hereby realleges and reaffirms paragraphs 1 through 76 of this complaint, as if the same were herein set forth verbatim.

78. Defendants' conduct, as alleged above, causes and is likely to cause consumer confusion as to, and misrepresents, the origin, quality, characteristics, and source of its products and/or services of plaintiff.

79. As such, defendant's conduct constitutes deceptive trade practices in violation of the Illinois Consumer Fraud And Deceptive Business Practices Act, 815 ILCS 505/1, *et. seq.*

80. Upon information and belief, by its acts, defendant has made and will make substantial profits and gains to which it is not in law or equity entitled.

81. Upon information and belief, defendant intends to continue its willfully infringing acts unless restrained by this court.

82. Defendant's actions have caused irreparable injury to plaintiff's business, reputation and goodwill.

83. Unless defendant is enjoined from their wrongful conduct, plaintiff will continue to suffer irreparable injury and harm, for which plaintiff has no adequate remedy at law.

## COUNT VIII. COMMON LAW TRADEMARK INFRINGEMENT

84. Plaintiff hereby realleges and reaffirms paragraphs 1 through 83 of this complaint, as if the same were herein set forth verbatim.

85. Defendant's conduct, as alleged above, causes and is likely to cause consumer confusion as to, and misrepresents, the origin, quality, characteristics, and source of its products and/or services of plaintiff.

86. As such, defendant's conduct constitutes unfair competition and trademark infringement in violation of the common law of Illinois.

87. Upon information and belief, by its acts, defendant has made and will make substantial profits and gains to which it is not in law or equity entitled.

88. Upon information and belief, defendant intends to continue its willfully infringing acts unless restrained by this court.

89. Defendant's actions have caused irreparable injury to plaintiff's business, reputation and goodwill.

90. Unless defendant is enjoined from their wrongful conduct, plaintiff will continue to suffer irreparable injury and harm, for which plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff, RevenueWire, Inc., respectfully requests that the Court:

A.  Find that the defendant has violated Section 32 of the Lanham Act  (15 U.S.C. §1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); (ii) defendant has engaged in deceptive acts and practices under Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et. seq.*); (iii) defendant has violated the Illinois Consumer Fraud and Deceptive Business Practices Act, (815 ILCS 505/1 *et. seq.*); and (iv) defendant has engaged in trademark infringement and unfair competition under the common law of Illinois;

B.   Grant an injunction permanently enjoining and restraining the defendant, its agents, servants, employees, successors and assigns, and all those acting in concert or participation with it, from:

a.        Manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, using or displaying credit card processing services or any other product or services using any marks confusingly similar to plaintiff's FUTUREPAY trademark, including but not limited to the FUTURE PAYTECH and FUTURE PAYMENT TECHNOLOGIES designations;

b.        making any statement or representation whatsoever, or using any false or misleading descriptions or representations of fact in connection with the manufacture, production, distribution, circulation, sale, offering for sale, advertising, promotion, use or display of credit card services or any other products or services using any marks confusingly similar to plaintiff's FUTUREPAY trademark, including but not limited to the FUTURE PAYTECH and FUTURE PAYMENT TECHNOLOGIES designations; and

c.      engaging in any other activity constituting infringement of plaintiff's FUTUREPAY trademark, or unfair competition with plaintiff.

C.    Transfer domain name www.futurepaytech.com to plaintiff and any other domain name that includes plaintiff's trademark FUTUREPAY.

D.    Direct defendant to withdraw its pending application Serial Nos. 85/860,106 and 85/860,109 with the U.S. Patent and Trademark Office.

E.    Direct that defendant, at its own expense, recall all of its product and marketing, promotional, and advertising material, which bears or incorporates the FUTURE PAYTECH and FUTURE PAYMENT TECHNOLOGIES designations, or any designations confusingly similar to plaintiff's FUTUREPAY trademark.

F.    Require defendant to deliver to plaintiff's attorneys or representatives for destruction or other disposition all remaining products, labels, signs, prints, and advertisements in its possession or under its control bearing the FUTURE PAYTECH and FUTURE PAYMENT TECHNOLOGIES designations, or any designations confusingly similar to plaintiff's FUTUREPAY trademark;

G.    Direct that defendant file with the Court and serve on the plaintiff's counsel a report in writing and under oath setting forth in detail the manner in which it has complied with any temporary restraining order, or preliminary or permanent injunction entered herein within thirty (30) days of receipt of service of any such order or injunction;

H.    Direct such other relief as the Court may deem appropriate to prevent the public from being misled or deceived.

I.    Direct that defendant account to and pay over to plaintiff all profits realized by its wrongful acts in violation of 15 U.S.C. § 1125, 815 ILCS 510/1 *et. seq.*, 815 ILCS 505/1 *et. seq.*, and other applicable laws.

J.    Direct that such profits be trebled in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117).

K.   At its election, award plaintiff statutory damages in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117).

L.   Award plaintiffs its costs and attorney's fees and investigatory fees and expenses to the full extent provided for by Section 35 of the Lanham Act (15 U.S.C. § 1117).

M.   Grant to plaintiff such other and further relief as may be just and appropriate.

## JURY DEMAND

Plaintiff, RevenueWire, Inc., demands a trial by jury of all issues triable to a jury in the above action.

Respectfully submitted,

REVENUEWIRE, INC.

Date:   March 24, 2015                By:    /s/ Michele S. Katz
                                             One of its attorneys

Michele S. Katz, Esq.
Advitam IP, LLC
160 North Wacker Drive
2nd Floor
Chicago, IL 60606
Phone: (312) 332-7710
Fax:    (312) 332-7701
mkatz@advitamip.com
Firm No. 49440

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned attorney, certify that I electronically filed the foregoing COMPLAINT with the Clerk of the Court using the CM/ECF system on March 24, 2015, which will send notification of such filing to the following:

jfulmer@gardere.com
kschwartz@gardere.com
ip@gardere.com
*Attorneys for Defendant*


I, the undersigned attorney, certify that I have also served a paper copy of the foregoing COMPLAINT as required by FED. R. CIV. P. 5(a) by first class U.S. Mail, proper postage pre-paid, deposited in the U.S. mail depository at before 5:00 p.m to:

Jason R. Fulmer
Gardere Wynne Sewell LLP
1601 Elm St. Suite 3000
Dallas, TX 75201-4761
*Attorney for Defendant*

/s/ Michele S. Katz
Michele S. Katz
Attorney for Plaintiff